UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LAMONT ROBINSON,          :
                          :
         Petitioner,      :     Civ. No. 15-3662 (RBK)
                          :
    v.                    :
                          :     **OPINION**
J. HOLLINGSWORTH,         :
                          :
         Respondent.      :
                          :

**ROBERT B. KUGLER, U.S.D.J.**

## I.    INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey.  He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  This Court initially administratively terminated this action as petitioner had failed to pay the $5.00 filing fee and had not submitted an application to proceed *in forma pauperis*.  Subsequently, petitioner paid the $5.00 filing fee.  Therefore, the Clerk will be ordered to reopen this case.  For the following reasons, the habeas petition will be summarily dismissed.

## II.   BACKGROUND

Petitioner raises several issues in his habeas petition.  He asserts that he has been denied his right to adequate medical care while incarcerated at F.C.I. Fort Dix.  He states that he is legally blind and that when he arrived at Fort Dix he requested special eyewear, a breathing machine and a lower bunk pass because he is over the weight limit.  He claims that he is unable to prepare for reentry and deprived of educational programs at the facility because of his lack of glasses and a breathing machine.

Petitioner also complains about the living conditions at Fort Dix. He asserts that the compound is overcrowded and that there is mold and asbestos which makes it impossible for him to breath. This jeopardizes his pre-existing health conditions.

Finally, petitioner alleges that Fort Dix bypassed the administrative remedy process by continuing to ignore his formal and informal resolution requests.

Petitioner requests that this Court vacate his judgment of conviction. He also requests coverage for all of his medical costs.

### III.  STANDARD FOR *SUA SPONTE* DISMISSAL

With respect to screening the instant petition, 28 U.S.C. § 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

As petitioner is proceeding *pro se,* his petition is held to less stringent standards than those pleadings drafted by lawyers. *See Rainey v. Varner,* 603 F.3d 189, 198 (3d Cir.2010) ("It is the policy of the courts to give a liberal construction to pro se habeas petitions.") (internal quotation marks and citation omitted); *United States v. Otero,* 502 F.3d 331, 334 (3d Cir.2007) ( "we construe pro se pleadings liberally.") (citing *Haines v. Kerner,* 404 U.S. 519, 520 (1972)). Nevertheless, "a district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court[.]" *Lonchar v. Thomas,* 517 U.S. 314, 320 (1996).

### IV.  DISCUSSION

As petitioner's habeas petition makes clear, his claims relate to the conditions of his confinement at Fort Dix as opposed to a challenge to the validity of his conviction or the length

of his sentence.  Such a challenge is appropriately brought in a civil rights action under *Bivens v. Six Unknown Names Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) as opposed to a habeas petition under § 2241.  *See Woodruff v. Williamson,* 362 F. App'x 263, 266 (3d Cir.2010) (per curiam); *see also Leamer v. Fauver,* 288 F.3d 532, 542 (3d Cir.2002) ("[W]henever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however, denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement, such that a finding in plaintiff's failure would not alter his sentence or undo his conviction, [a civil rights action] is appropriate.").  Thus, petitioner's claims are not proper as habeas claims such that the habeas petition will be dismissed.  *Accord Brown v. Warden Lewisburg USP*, 601 F. App'x 85, 86 (3d Cir. 2015) (per curiam) (finding district court properly dismissed habeas petition where petitioner raised claims associated with his conditions of confinement since they are not cognizable habeas claims).

## V.     CONCLUSION

For the following reasons, the habeas petition will be summarily dismissed.  An appropriate order will be entered.


DATED:   July 2, 2015

                                                            s/Robert B. Kugler
                                                            ROBERT B. KUGLER
                                                            United States District Judge

3